UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:26-cv-3124

JOSE NAVA,

Plaintiff,

v.

RIVERVIEW FLOWER FARM, INC.,

Defendant.
_______________________________________/

## COMPLAINT

Plaintiff, JOSE NAVA, by and through undersigned counsel, hereby sues Defendant, RIVERVIEW FLOWER FARM, INC., on the grounds set forth herein.

## INTRODUCTION

1. This is an action by Plaintiff, JOSE NAVA (hereinafter, "NAVA" or "Plaintiff"), under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to him by Defendant RIVERVIEW FLOWER FARM, INC.'s (hereinafter, "RIVERVIEW" or "Defendant") discriminatory treatment and retaliation based on his Sex, and/or, sexual orientation.

## JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $75,000.00, exclusive of interest, Attorney's fees, and costs.
3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.
4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case and pursuant to 28 U.S.C. §§1332 and 1367.
5. The venue of this action is properly placed in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Hillsborough County, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff NAVA, is a resident of Hillsborough County, who was employed by Defendant RIVERVIEW, and is a member of certain protected classes of persons.

7. Defendant RIVERVIEW is a Florida Profit Corporation performing business in Hillsborough County, Florida, and within the jurisdiction of this Court.

8. At all relevant times, Defendant RIVERVIEW has continuously been an Employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b),(g), and (h).

9. At all relevant times, Defendant RIVERVIEW has continuously employed 15 or more persons.

PROCEDURAL REQUIREMENTS

10. All conditions precedent to this action have been fulfilled. On or about May 14th, 2024, Plaintiff NAVA dual-filed his Charge of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about August 1st, 2026, the U.S. Equal Employment Opportunity Commission (EEOC) issued Plaintiff a Notice of Right to Sue with respect to such charge of discrimination. Consequently, the present Complaint is being filed within 90 days of the date on which Plaintiff received the Dismissal and Notice of Rights, as allowed by law. ***See composite Exhibit "A."***

11. All conditions precedent for the filing of this action before this Court have either been previously met or excused, including the exhaustion of all pertinent administrative procedures and remedies.

STATEMENT OF FACTS

12. Plaintiff NAVA is a male individual who was employed by Defendant RIVERVIEW and who is a member of certain protected classes of persons because of his Sex and/or Sexual Orientation, and his participation in protected activities within the meaning of Title VII and the Florida Civil Rights Act.

13. Defendant RIVERVIEW is a major commercial wholesale plant grower operating in Central Florida, and having a Wimauma Production Site situated at 5363 Bonita Drive, Wimauma, Florida 33598, where Plaintiff worked.

14. Defendant RIVERVIEW employed Plaintiff NAVA as a "general laborer" from on or about January 6th, 2023, through May 7th, 2024, or approximately a year and four months. Plaintiff was paid at the rate of $17.00 per hour.

15. Plaintiff was a qualified individual for the job. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training,

and qualifications for the job in question and performed his duties without significant issue or controversy.

16. Notwithstanding, during his employment, Defendant subjected Plaintiff to unlawful harassment, discrimination and to different terms and conditions of employment based on his sexual orientation.

17. More specifically, on or about January of 2024, Plaintiff's direct supervisor, Mr. Daniel Trejo, became aware of Plaintiff's sexual orientation through social media posts. Immediately thereafter, supervisor Trejo started making unwelcome and derogatory comments about Plaintiff's sexual orientation.

18. Supervisor Trejo also began to discriminate and subject Plaintiff to different terms and conditions of employment on account of Plaintiff's sexual orientation.

19. Supervisor Trejo began to treat Plaintiff differently than other similarly-situated employees outside of Plaintiff's protected group. On a daily basis, Supervisor Trejo not only harassed Plaintiff because of his sexual orientation, but also assigned Plaintiff harsher assignments and a disproportionate amount of work in comparison to other employees outside of Plaintiff's protected group.

20. Supervisor Trejo assigned Plaintiff an excessive workload; treated Plaintiff with contempt; and displayed animosity towards Plaintiff on a regular basis solely on account of Plaintiff's sexual orientation.

21. Other similarly-situated employees outside of Plaintiff's protected group were not subjected to similar discriminatory treatment and were not subjected to the same unfavorable terms and conditions of employment.

22. Other similarly-situated employees outside of Plaintiff's protected group were given better treatment; better positions; better schedules; lighter workloads; more favorable assignments; and were not subjected to a hostile work environment.

23. Supervisor Trejo, in a frequent and pervasive manner, repeatedly stated that "it was a shame to have gay people working for the company."

24. Supervisor Trejo also, in a frequent and pervasive manner, directed highly offensive and discriminatory homophobic slurs at Plaintiff. Supervisor Trejo, in the presence of others, referred to Plaintiff as a "joto", which is a highly offensive homophobic slur used to target and humiliate gay or effeminate men.

25. Additionally, Supervisor Trejo fostered, promoted and encouraged an openly hostile and discriminatory work environment for Plaintiff

by allowing others to discriminate against Plaintiff because of Plaintiff's sexual orientation.

26. Feeling empowered by Supervisor Trejo's conduct, a co-worker by the name of Rosendo, also began to refer to Plaintiff as a "joto" on a frequent and pervasive manner.

27. Despite Plaintiff opposing their behavior and asking Supervisor Trejo and co-worker Rosendo to stop, their behavior continued unabated, creating a hostile work environment for Plaintiff.

28. On or about May 7th, 2024, as part of the ongoing harassment, supervisor Trejo threatened Plaintiff that he would fire him if he did not complete an assignment on time.

29. Not being able to cope with the ongoing harassment, discrimination and humiliation, Plaintiff contacted Defendant's office and complained about discrimination based on sexual orientation.

30. This complaint constituted statutorily protected activity under both federal and state law.

31. In response to his complaints, Plaintiff was told that Defendant would investigate the matter and contact Plaintiff.

32. Later that same day, after learning of Plaintiff's complaints, Supervisor Trejo confronted Plaintiff, physically assaulted him by shoving him, and proceeded to terminate Plaintiff's employment.

33. Plaintiff's unjustified and unlawful termination from employment constitutes adverse employment action under both federal and state law.

34. There is a causal connection between Plaintiff's protected activity and his unjustified discharge. Defendant's actions constitute unlawful retaliation in violation of Title VII and the Florida Civil Rights Act, Fla. Stat. § 760.10(7).

35. At the time of termination from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant, and the sole apparent reason for the unlawful termination of Plaintiff's employment was Plaintiff's Sexual orientation and his complaints about Sexual orientation discrimination. Plaintiff had objected to and complained about discrimination to Defendant's management and front office.

36. The adverse employment action was causally related to the protected activity.

37. Moreover, the ultimate decision maker was aware of the protected conduct at the time of Plaintiff's discharge.

38. Upon information and belief, Plaintiff was replaced by an individual outside of his protected group.

39. The discrimination and harassment of an employee based on stereotyped characterizations of the sexes, and then the retaliation against the complaining employee, constitute a violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760

40. There were no legitimate, non-discriminatory, and/or non-retaliatory reasons for the discriminatory action taken against Plaintiff NAVA.

41. The negative impact of the discriminatory and retaliatory action taken by Defendant RIVERVIEW against Plaintiff has resulted in subsequent damage to Plaintiff's mental and physical health and financial well-being.

42. Plaintiff, NAVA, has suffered damages and will continue to suffer both irreparable injury and damages because of Defendant's discriminatory practices unless and until this Court grants relief.

43. Because of the actions of Defendant, Plaintiff has been damaged. In that, Plaintiff has suffered serious economic losses, lost wages, and has suffered mental pain and emotional distress.

44. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights, and therefore Plaintiff is entitled to punitive damages.

45. The actions of Defendant RIVERVIEW and or its agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus, entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law and state law, to punish the Defendants for its actions and to deter it, and others, from such actions in the future.

46. Defendant RIVERVIEW is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

47. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

## COUNT I: VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON SEX: SEXUAL ORIENTATION

48. Plaintiff NAVA re-adopts every factual allegation as stated in paragraphs 1-47 above as if set out in full herein.

49. At all times material hereto, the Employer/Defendant RIVERVIEW failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an

employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

50. The discrimination of Plaintiff NAVA by Defendant RIVERVIEW was caused by Defendant being aware of Plaintiff's Sex and/or sexual orientation.

51. Defendant's decision to discriminate against Plaintiff NAVA was because of Plaintiff's failure to conform to gender stereotypes.

52. At all relevant times aforementioned, including the time of discrimination, Defendant RIVERVIEW was aware of Plaintiff NAVA's sexual orientation.

53. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

54. Plaintiff was qualified for the position apart from his apparent sexual orientation.

55. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

56. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

57. Defendant RIVERVIEW, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff NAVA on account of his failure to conform to gender stereotypes, in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

58. Plaintiff NAVA was wrongfully terminated by Defendant and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's sexual orientation and/or gender identity.

59. Defendant RIVERVIEW is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to

which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

60. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

61. Any alleged non-discriminatory reason for the termination of Plaintiff's employment asserted by Defendant RIVERVIEW is a mere pretext for the actual reasons for the termination from employment, Plaintiff's failure to conform to gender stereotypes, and complaints related to the unlawful acts of discrimination and harassment.

62. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their failure to conform to gender stereotypes and/or sexual orientation. Discrimination on the basis of Gender Stereotyping and/or sexual orientation constitutes unlawful Sex discrimination.

63. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff NAVA respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of Sex, Gender identity and/or sexual orientation.

B. Reinstate Plaintiff NAVA to the same position he held before the discriminatory personnel action or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff NAVA,

D. Order Defendant RIVERVIEW to make Plaintiff NAVA whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law, including punitive damages,

G. Award Attorney's fees and costs.

JURY TRIAL DEMAND

Plaintiff NAVA demands a trial by jury on all issues triable as of right by a jury.

**COUNT II:**

**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATORY DISCHARGE**

64. Plaintiff NAVA re-adopts every factual allegation as stated in paragraphs 1-47 above as if set out in full herein.

65. Defendant RIVERVIEW employed Plaintiff NAVA as a general laborer from on or about January 6th, 2023, through May 7th, 2025, or approximately a year and four months.

66. At all times material hereto, the Employer/Defendant RIVERVIEW failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

67. Defendant RIVERVIEW is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

68. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

69. Defendant RIVERVIEW, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's federally protected rights, retaliated against Plaintiff NAVA on account of Plaintiff's complaints of discrimination and harassment because he failed to conform to gender stereotypes and because of his sexual orientation.

70. Plaintiff complained and denounced the unlawful discrimination and harassment perpetrated by his superior.

71. Defendant RIVERVIEW did not investigate the complaint of discrimination and harassment on the basis of Sex and sexual orientation.

72. On or about May 7th, 2024, Plaintiff was wrongfully discharged by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of Federal Laws.

73. Moreover, there is temporal proximity between Plaintiff's participation in protected activity and his wrongful termination.

74. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

75. Plaintiff NAVA was wrongfully discharged by Defendant RIVERVIEW, and his termination was directly and proximately caused by Plaintiff's complaints about unlawful discrimination.

76. As a direct and proximate result of Defendant's intentional conduct, Plaintiff NAVA suffered serious economic losses as well as mental pain and suffering.

77. Any alleged non-discriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, Plaintiff's complaints of discrimination and harassment on the basis of Sex, related Gender Stereotyping and/or sexual orientation.

78. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their failure to conform to gender stereotypes and retaliation due to his complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

79. As a result of the retaliation, Plaintiff NAVA has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

80. At the time that Plaintiff NAVA reported the discrimination and harassment to his employer, Plaintiff was wrongfully terminated without good cause and in violation of the anti-retaliation provision of Title VII.

81. Defendant RIVERVIEW' acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

82. Defendant RIVERVIEW is subject to vicarious liability for the actions of it agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

83. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NAVA respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant RIVERVIEW, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which constitutes unlawful retaliation for having engaged in a protected activity and;

B. Reinstate Plaintiff NAVA to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant RIVERVIEW to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, punitive damages, and Attorneys' fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff NAVA demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT III:</u>**

## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON SEX: SEXUAL ORIENTATION

84. Plaintiff NAVA re-adopts every factual allegation as stated in paragraphs 1-47 above as if set out in full herein.

85. At all times material hereto, the Employer/Defendant RIVERVIEW failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status*"

86. The discrimination of Plaintiff NAVA by Defendant was caused by Defendant being aware of Plaintiff's Sex and his failure to conform to gender stereotypes and/or sexual orientation.

87. Defendant's decision to discriminate against Plaintiff NAVA was because of Plaintiff's Sex and sexual orientation.

88. At all relevant times aforementioned, including the time of discrimination, Defendant RIVERVIEW was aware of Plaintiff NAVA's sexual orientation.

89. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

90. Plaintiff was qualified for the position apart from his apparent Sex, or failure to conform to gender stereotypes and/or sexual orientation.
91. Plaintiff was discriminated against by RIVERVIEW because of his Sex and/or sexual orientation.
92. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.
93. The failure of Defendant RIVERVIEW to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.
94. Defendant RIVERVIEW, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's State protected rights, discriminated against Plaintiff NAVA on account of his Sex and related Gender Stereotyping in violation of the Act.
95. Plaintiff NAVA was wrongfully terminated by Defendant RIVERVIEW, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex and failure to conform to gender stereotypes and/or sexual orientation.
96. Defendant RIVERVIEW is subject to vicarious liability for the actions of it agents because it failed to take adequate remedial measures to

halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

97. As a direct and proximate result of Defendant's intentional conduct, Plaintiff NAVA suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

98. Any alleged non-discriminatory reason for the termination of Plaintiff's employment asserted by Defendant RIVERVIEW is a mere pretext for the actual reasons for the termination from employment, Plaintiff's failure to conform to gender stereotypes, and complaints related to the unlawful acts of discrimination and harassment based on his sexual orientation.

99. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to Sex and related Gender Identity. Discrimination on the basis of Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

100. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff NAVA respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant RIVERVIEW, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Gender Stereotyping and/or sexual orientation;

B. Reinstate Plaintiff NAVA to the same position held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant RIVERVIEW to make Plaintiff whole by compensating Plaintiff NAVA for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages, Attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff NAVA demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES; RETALIATORY DISCHARGE**

101. Plaintiff NAVA re-adopts every factual allegation as stated in paragraphs 1-47 of this Complaint as if set out in full herein.

102. This is an action against Defendant RIVERVIEW for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes (FCRA).

103. The FCRA contains an anti-retaliation provision forbidding employers from retaliating or taking adverse personnel action against those employees who exercise their lawful and protected rights under the Act.

104. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part as follows:

> *"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

105. Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his Sex and Gender identity, and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

106. Plaintiff NAVA, while working for Defendant RIVERVIEW, was subjected to discrimination and harassment based on his Sex and/or sexual orientation.

107. Plaintiff complained and denounced the unlawful discrimination and harassment perpetrated by his Supervisor.

108. Defendant RIVERVIEW did not investigate the complaint of discrimination and harassment on the basis of Sex and Gender Stereotyping, and/or sexual orientation.

109. On May 7th, 2024, Plaintiff was wrongfully discharged by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of State Laws.

110. Moreover, Plaintiff's wrongful termination came just in temporal proximity to Plaintiff's participation in protected activity.

111. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

112. Plaintiff NAVA was wrongfully discharged by Defendant RIVERVIEW, and his termination was directly and proximately

caused by Plaintiff's complaints about unlawful Sex discrimination and his sexual orientation.

113. As a direct and proximate result of Defendant's intentional conduct, Plaintiff NAVA suffered serious economic losses as well as mental pain and suffering.

114. Any alleged non-discriminatory reason for wrongfully terminating Plaintiff asserted by Defendant RIVERVIEW is a mere pretext for the actual reason for termination, Plaintiff's complaints of discrimination and harassment on the basis of his Sex and related failure to conform to gender stereotypes.

115. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to his Sex, and retaliation due to his complaints of unlawful discrimination. Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

116. As a result of the retaliation, Plaintiff NAVA has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

117. Defendant RIVERVIEW'S acts, through their agents, were done with malice and reckless disregard for Plaintiff's State protected civil rights.

118. Defendant RIVERVIEW is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

119. As a direct and proximate result of the actions and omissions of Defendant, Plaintiff has suffered injury and losses, including a violation of his statutory rights.

120. Plaintiff NAVA has no plain, adequate, or complete remedy at law. Plaintiff is still suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

121. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NAVA respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant RIVERVIEW its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff NAVA a judgment against Defendant RIVERVIEW for compensatory damages as determined by the trier of fact;

C. Award Plaintiff NAVA restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant RIVERVIEW;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

JURY TRIAL DEMAND

Plaintiff NAVA demands a trial by jury on all issues triable as of right.

Dated: October 14th, 2026

Respectfully submitted,

By: ***/s/ Alexis Mena-Glasgow***
**Alexis Mena-Glasgow**
SIMPSON & MENA, P.A.
Florida Bar No.: 117839
2250 SW Third Avenue, Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
Email: **alexis@simpsonmenalaw.com**
*Attorney for Plaintiff*